UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES NONNENBERG, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-08-1512 |
| v. | : |
| | : (JUDGE VANASKIE) |
| | : |
| COMMONWEALTH OF PA, ET AL., | : |
| | : |
| | : |
| Respondents. | : |

MEMORANDUM

Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed

by James Nonnenberg, an inmate confined at the Houtzdale Correctional Institution, Houtzdale,

Pennsylvania.  The petition challenges the legality of Nonnenberg's November 9, 1995,

conviction in the Lackawanna County Court of Common Pleas on several counts of involuntary

deviate sexual intercourse with minors;  indecent assault; corruption of minors; and

endangering the welfare of children.  Petitioner was sentenced on February 15, 1996, to an

aggregate term of ten (10) to twenty (20) years for these offenses.

On August 14, 2008, this Court issued an Order directing service of the Petition and

requiring Respondents to file a response addressing whether Petitioner's habeas petition was

timely filed.  Respondents timely complied with this order, asserting compelling arguments that

Petitioner's 2008 habeas corpus challenge was indeed untimely.   Petitioner filed a

memorandum of law on November 20, 2008.

On January 27, 2009, the Court received a letter from Petitioner's fiancee, Kathleen

Talley, stating that Petitioner passed away on January 6, 2009.  See Dkt. Entry # 11.  Upon

receipt of Talley's letter, this Court contacted officials at SCI-Houtzdale and confirmed that

Petitioner had passed away.

Discussion

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to

challenge either the fact or duration of his confinement in prison.  See Preiser v. Rodriguez,

411 U.S. 475, 486-87 (1973).  Federal habeas corpus review is available only "where the

deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer

v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).   More recently, in Suggs v. Bureau of Prisons,

2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a

judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration,

habeas relief is unavailable."

In light of Petitioner's demise, the relevant inquiry is whether his pending petition for

writ of habeas corpus is now moot.  The case or controversy requirement of Article III, § 2 of

the United States Constitution subsists through all stages of federal judicial proceedings.

Parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v.

2

Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  Lewis, 494 U.S. at 477.

Simply put, the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

A habeas petitioner like Nonnenberg who challenges the validity of a state criminal conviction that is the reason for his imprisonment satisfies the case or controversy requirement by the mere fact of his incarceration.  The existing incarceration constitutes the injury, and may be remedied by the invalidation of the conviction.  Where, however, the petitioner is no longer

confined in prison, "some 'collateral consequence' of the conviction . . . must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998).[1]

Death eliminates collateral consequences personal to a habeas applicant, and thus moots a habeas corpus challenge. See Lockhart v. McCree, 476 U.S. 162, 168 n.2 (1986); McMann v. Richardson, 397 U.S. 759, 760 n.1 (1970); McLendon v. Trigg, 79 F.3d 557, 559 (7th Cir. 1996); Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975); Urioste v. Mendoza-Powers, No. 1:07-cv-01164, 2008 WL 683304 (E.D. Cal. March 12, 2008).  As explained by my esteemed colleague, the Hon. William J. Nealon, in the remarkable case of In re Kravitz, 504 F. Supp. 43, 45 (M.D. Pa. 1980), "[n]either the stigma of a murder conviction nor the pecuniary loss to [petitioner's] estate invest the deceased habeas applicant's collateral challenge to the validity of [her] conviction with the 'live controversy' necessary to sustain this court's limited subject-matter jurisdiction."

In light of Petitioner's death, he is clearly not facing any collateral consequences stemming from his challenged conviction.  Under the principles set forth in Spencer, Steffel, and Lewis, and consistent with Lockhart, Kravitz, and the other habeas cases cited in the immediately preceding paragraph, Nonnenberg's unfortunate passing has caused his instant

---

[1]    In Spencer, an attack to a parole revocation by a prisoner who had gained his release was deemed to lack any collateral consequences.

habeas corpus petition to become moot.  Accordingly, the petition will be dismissed.  An

appropriate Order will enter.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES NONNENBERG,                          :
                                           :
                    Petitioner,            :
                                           :   CIVIL NO. 3:CV-08-1512
                                           :
            v.                             :   (JUDGE VANASKIE)
                                           :
                                           :
COMMONWEALTH OF PA, ET AL.,                :
                                           :
                    Respondents.           :

## ORDER

NOW, THEREFORE, THIS 4th DAY OF FEBRUARY, 2009, in accordance with the

accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1.      The petition for writ of habeas corpus is DISMISSED AS MOOT.

2.      The Clerk of Court is directed to CLOSE the case.

3.      There is no basis for the issuance of a Certificate of Appealability.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge